John E. Lord (Bar No. 216111)
Email: jlord@onellp.com
Glen Liu (Bar No. 251591)
Email: gliu@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081

*Attorneys for Plaintiff,*
Vast Vantages, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| VAST VANTAGES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BISHAL BHANDARI, an individual,<br><br>Defendant. | Case No. 2:21-cv-04896<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendant Bhandari has made clear through his actions that he intends to assert at least one claim of United States Patent No. 10,919,061 ("the '061 Patent") against Plaintiff. This action also includes a tort claim under California state law arising from the same facts and circumstances as the claim for declaratory judgment.

## THE PARTIES

2. Vast Vantages, LLC, ("Vast") is a limited liability corporation in the state of California with a principal place of business at 1858 Business Center Drive Duarte, CA 91010. Vast is an online retailer of a breadth of products including writing instruments, drinkware and a wide variety of lifestyle accessories.

3. Defendant Bishal Bhandari is an individual purportedly residing in Massachusetts.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 1331, 1338(a), and 2201-2202.

5. This Court has subject matter jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367, because these claims are so related to the patent law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to the claims at issue occurred in this District. This Court has personal jurisdiction over Bhandari by virtue of the business activities, patent enforcement efforts and other activities it has conducted

2

COMPLAINT FOR DECLARATORY JUDGMENT

within the State of California and within this District, resulting in sufficient minimum contacts with this forum.

## FACTUAL BACKGROUND

7. An actual controversy exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

8. Defendant Bhandari purports to own the '061 Patent. The '061 Patent is titled "Multi-Fluid Dispenser" and it issued on February 16, 2021 from a PCT application filed on March 12, 2018. The '061 Patent lists Bishal Bhandari as the sole inventor. A true and complete copy of the '061 Patent is attached as Exhibit A.

9. On March 26, 2021, Vast received a warning notice from Amazon that someone had filed an intellectual property complaint with Amazon against several of Vast's listings for a travel bottle dispenser, referred to as the TTBD (Travigo Travel Bottle Dispenser).

10. As described in the product literature, the TTBD is a "4-in-1 Travel Bottle Dispenser." As shown below, the TTBD is sold in various colors, and consists as single units or two-unit bundles.



11. Vast has approximately 20 listings on Amazon for the TTBD in various colors and bundles.

12. After receiving the warning notice from Amazon on March 26, 2021, Amazon removed 4 listings regarding the TTBD from its marketplace, and cited to the '061 Patent as the basis for the removal.

13. On April 1, 2021, Vast's counsel sent an e-mail to patent-evaluation@amazon.com explaining that the TTBD did not infringe. The next day, Amazon informed Vast's counsel that the four listings had been restored.

14. On April 5, 2021, Vast received a policy warning from Amazon identifying the TTBD products at issue by their ASIN numbers. Also included was Bhandari's patent number and a complaint ID. Attached as Exhibit B is a true and correct copy of this email.

15. On April 16, 2021, Vast received a new complaint and more warnings from Amazon relating to the TTBD listings.

16. On May 25, 2021, Vast received another complaint and had several listings relating to the TTBD deactivated again. Vast's communications with Amazon were unsuccessful in having Amazon reinstate the products.

17. On May 27, 2021, Vast received an e-mail from Defendant Bhandari stating in part: "Hey, you are selling a patented product. I have tried many times to warn you to remove your listing from Amazon. This is your last chance. If you don't take them down, I will be filing a lawsuit against you in the state of Massachusetts." Attached as Exhibit C is a true and correct copy of this email, as well as a prior email from Defendant Bhandari identifying his patent number and the Amazon listing.

18. On June 2, 2021, Vast's counsel spoke with Defendant Bhandari on the phone where Vast's counsel explained why the TTBD does not infringe the '061 Patent.

19. Bhandari's infringement allegations are objectively baseless, and he and his counsel knew or should have known they were false. His objectively baseless allegations stem from its failure to properly construe the claims of the '061

4
**COMPLAINT FOR DECLARATORY JUDGMENT**

Patent and his failure to analyze fully or accurately Vast's TTBD product, as illustrated by, among other things, the failure to present any infringement analysis or claim charts to Vast.

20. Bhandari and his counsel also knew or should have known that the TTBD products do not infringe because they do not include elements of the claims of the '061 Patent, for at least the following reasons:

- First, independent claim 1 of the '061 Patent recites a multi-fluid dispenser comprising a plurality of capsules, "wherein the outside of each capsule of the plurality of capsules comprises two vertical grooves, and wherein said two vertical grooves fit onto [a] plurality of vertical protrusions of said inside part of the cylindrical outer shell." Here, the outside of each capsule of the TTBD does not include two vertical grooves (or an equivalent feature). Moreover, the TTBD does not infringe claim 1 of the '061 Patent under the Doctrine of Equivalents. With respect to the file history, a Preliminary Amendment was filed to amend independent claim 1 to recite the aforementioned "two vertical grooves" limitation in order to distinguish over the prior art references described in the ISR. *Graham v. John Deere Co.*, 383 U.S. 1, 33, 86 S. Ct. 684, 15 L.Ed.2d 545 (1966) ("claims that have been narrowed in order to obtain the issuance of a patent by distinguishing the prior art cannot be sustained to cover that which was previously by limitation eliminated from the patent").

- Second, independent claim 1 of the '061 Patent recites a removable cap, "wherein said removable cap rotates horizontally while secured to the cylindrical outer shell." Here, as it pertains to the TTBD, the removable cap is not secured to the cylindrical outer shell. Rather, the removable cap of the TTBD is coupled with the rotatable element, which is a discrete structure that is separate from the cylindrical outer shell.

- Third, independent claim 1 of the '061 Patent recites "a plurality of pump caps, each pump cap of said plurality of pump caps in fluid communication

with a capsule of said plurality of capsules for dispensing fluid from said capsules." The TTBD is not made, sold, or offered for sale with any fluid in the capsules. As such, the TTBD does not comprise a pump cap in fluid communication with a capsule.

- Fourth, Since the TTBD does not meet the claim elements for independent claim 1 of the '061 Patent, it will not meet the claim elements for dependent claims 2 to 13 of the '061 Patent. In addition, independent claim 14 of the '061 Patent recites a "method of using the multi-fluid dispenser as recited in claim 7." Dependent claim 7 ultimately depends from independent claim 1. In other words, independent claim 14 incorporates all of the limitations of independent claim 1. Accordingly, the TTBD does not infringe independent claim 14.

21. Neither Vast's TTBD product, nor any of its other products, infringe or have infringed, directly or indirectly, any claim of the '061 Patent. Bhandari's communications with Amazon and his communications with Vast have placed a cloud of uncertainty over Vast and its products. This uncertainty has created a substantial, definite, concrete and immediate justiciable controversy between Vast and Bhandari regarding the '061 Patent.

22. Accordingly, Bhandari's statements and actions show that there is a substantial controversy between Vast and Bhandari of sufficient immediacy and reality conferring jurisdiction upon this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '061 Patent)**

23. Vast re-alleges and incorporates the above-referenced Paragraphs as if fully set forth herein.

24. Bhandari has stated that certain of Vast's products infringe the '061 Patent and that Vast must remove the sale of these products from Amazon or else Bhandari will file a lawsuit against Vast. Vast contends that it has not infringed and

6

**COMPLAINT FOR DECLARATORY JUDGMENT**

does not infringe, either directly or indirectly, any valid and enforceable claim of the '061 Patent. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. An actual and justiciable controversy exists between Vast and Bhandari as to whether Vast infringes the '061 Patent.

26. Vast seeks a declaration that it does not infringe the '061 Patent. A judicial declaration is necessary and appropriate so that Vast may ascertain its rights regarding the '061 Patent.

## COUNT II

### (Unfair Competition, Cal. Bus. & Prof. Code§ 17200)

27. Vast re-alleges and incorporates by above referenced Paragraphs as if fully set forth herein.

28. As described above, Bhandari made knowingly false and misleading accusations in communications with Amazon which falsely alleged that Vast infringed claims of the '061 Patent. Bhandari's accusations are false and misleading because Bhandari lacked the basis for alleging that Vast infringes the '061 Patent. Bhandari knew or should have known that the statements regarding Vast's alleged infringement were false. Bhandari's conduct thereby intentionally misled and deceived Amazon, causing Amazon to remove Vast's listing from its marketplace, and has caused pecuniary damage to Vast and damage to Vast's reputation in the marketplace. Bhandari's communication of knowingly false and misleading statements to Amazon constitutes a fraudulent business practice in violation of §17200 et seq. of the California Business and Professions Code.

29. As a direct and proximate cause of Bhandari's conduct, Vast has already suffered harm by being required to undertake expensive corrective measures and has had its products removed from the Amazon marketplace. Vast has incurred the fees and costs in responding to Amazon and incurred the legal fees and

costs in pursuing the present action.  In addition, Vast has suffered irreparable harm to its reputation as a direct and proximate cause of Bhandari's fraudulent conduct.

30. As a result of this action, Vast has suffered, and will in the future, suffer, irreparable injury to its business, reputation and goodwill, and will do so until Defendant Bhandari's misconduct is enjoined by this Court.

31. Vast has been damaged by the acts of Defendant Bhandari in an amount currently unknown, including lost sales caused by the removal of the Amazon listings for the TTBD.

## **PRAYER FOR RELIEF**

WHEREFORE, Vast prays for an Order and entry of Judgment against Bhandari as follows:

A. Declaring that Vast does not infringe, directly or indirectly, the '061 Patent;

B. Declaring the case exceptional under 35 U.S.C. § 285 and awarding Vast its reasonable attorneys' fees in this action;

C. That Defendant Bhandari be enjoined from engaging in any of the unlawful, unfair and fraudulent business acts and practices described in this Complaint, and be required to take such actions and adopt such measures as are necessary to prevent him from engaging in any further such acts, and practices;

D. Awarding Vast damages resulting from Defendant Bhandari's violation of §17200 et seq. of the California Business and Professions Code, including lost sales caused by the removal of the Amazon listings for the TTBD product;

E. Awarding Vast its costs and expenses in this action; and

/ / /

/ / /

/ / /

F. Granting such other and further relief as the Court deems proper and just.

Dated: June 16, 2021            **ONE LLP**

By: */s/ John E. Lord*
John E. Lord
Glen Liu

*Attorneys for Plaintiff,*
Vast Vantages, LLC

**COMPLAINT FOR DECLARATORY JUDGMENT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: June 16, 2021

**ONE LLP**

By: */s/ John E. Lord*
John E. Lord
Glen Liu

*Attorneys for Plaintiff,*
Vast Vantages, LLC