1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   VAST VANTAGES, LLC                    Case No. 2:21–cv–04896–MCS–MRW
12                  Plaintiff(s),          **INITIAL STANDING ORDER**
                                           **FOR CIVIL CASES ASSIGNED**
13          v.                             **TO JUDGE MARK C. SCARSI**
     BISHAL BHANDARI
14
                    Defendant(s).
15
16
17
18
19        This case has been assigned to the calendar of Judge Mark C. Scarsi. Both the
20   Court and counsel bear responsibility for the progress of this litigation in federal
21   court. To "secure the just, speedy, and inexpensive determination" of this case, as
22   called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to become
23   familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central
24   District of California, and this Court's Standing Orders.
25   **THE COURT ORDERS AS FOLLOWS:**
26    **1.   Service of the Complaint**
27        The plaintiff shall promptly serve the complaint in accordance with Fed. R.
28   Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3. Although

Fed. R. Civ. 4(m) does not require the summons and complaint to be served for 90 days, the Court expects service as soon as service can reasonably be accomplished. The Court will require plaintiff to show good cause to extend the service deadline beyond 90 days.

**2.   Presence of Lead Counsel**

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. Should that occur, counsel are to file a request for alternate or co-counsel to appear with a proposed order. The Court does not permit special appearances; only counsel of record may appear at any proceeding.

**3.   Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause. Concurrently with service of the ex parte papers by electronic service <u>and</u> telephonic notice, counsel shall also serve the moving party by either facsimile, email, or personal service, and give notice to the moving party that opposing papers must be filed no later than 24 hours (or one court day) following service. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone or email as soon as possible.

**4.   Continuances or Extensions of Time**

This Court is very committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by a sufficient basis that

demonstrates good cause why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation with a proposed order, including a detailed declaration of the grounds for the requested continuance or extension of time. The Court will not consider any request that does not comply with the Local Rules and this Order. Proposed stipulations extending scheduling dates become effective only if, and when, this Court approves the stipulation as presented to, or modified by, the Court, and an associated order is entered. Counsel should avoid submitting requests for a continuance less than at least seven (7) calendar days prior to the scheduled date that is the subject of the request.

Any request or stipulation to continue shall incorporate the modified deadlines in addition to the deadlines that remain unchanged. Each proposed modification should be entered above the corresponding deadline, within the same cell as the corresponding current deadline. The modified deadline should be placed between brackets (i.e., "[Date]"). For example:

| [March 11, 2020] Jan 1, 2019 | Non-Expert Discovery Cut-off |
| --- | --- |

### 5. TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65-1. The application shall include a proof of service which complies with the Court's requirements for ex parte applications or a separate request for service to be excused. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, unless service is excused. Counsel shall call the Courtroom Deputy Clerk no later than 30 minutes after e-filing the documents. \\\

**6.  Cases Removed from State Court**

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this Court in accordance with Local Rule 6-1 and Local Rule 7. Counsel shall file with their first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action is removed to this Court that contains a form pleading, *i.e.*, a pleading in which boxes are checked, the party or parties utilizing the form must file an appropriate pleading with this Court within 30 days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

**7.  Status of Fictitiously Named Defendants**

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. *See* 28 U.S.C. §§ 1441 and 1447.

**a.**  Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within 90 days of the removal of the action to this Court.

**b.**  If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such an application shall state the specific reasons for the requested extension of time, including a description

of all efforts made up to that time to identify and serve such person(s). The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may file written comments within seven (7) days of filings of the ex parte application.

**c.** If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no longer be present as a result of the addition of the new party. *See* U.S.C. § 1447(c) and (d).

**8. Discovery**

**a.    Discovery Matters Referred to the Magistrate Judge**

All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials next to the case number on this Order. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. *See* Fed. R. Civ. P. 72(a). The moving party must file and serve the motion within 14 days of service of a written ruling or within 14 days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or

contrary to law and support the contention with points and authorities.

### b.   Compliance with Fed. R. Civ. P. 26(a)

Unless there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature, counsel should begin to conduct discovery actively before the Scheduling Conference. Discovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

### 9.   Motions

### a.   Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 6-1 and Local Rule 7. In general, this Court hears motions on Mondays, beginning at 9:00 a.m. If Monday is a national holiday, motions will be heard on the following Monday. It is not necessary to clear a hearing date with the Courtroom Deputy Clerk prior to the filing of a motion, but counsel shall review the Court's Closed Motion Dates prior to selecting a date. Motion dates are closed when the Court's calendar is full and, therefore, counsel shall not assume that a motion date(s) is available.

The Court does not require a proposed order to be e-filed with any motion unless otherwise directed by the Court. A separate order will issue.

### b.   Briefing Motions

**Please read this section carefully. This Court's schedule for briefing motions differs significantly from the briefing schedule set by the Local Rules.**

Any motion that is filed and set for a hearing to be held fewer than 35 days from the date of the filing of the motion shall be briefed pursuant to Local Rule 6-1 and Local Rule 7. Otherwise, motions shall be briefed according to the following schedule:

(a). Any motion that is filed and set for a hearing between 35 and 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 14 days <u>after</u> the filing of the motion; and (ii) any reply must be filed no later than 21 days <u>after</u> the filing of the motion.

(b). Any motion that is filed and set for a hearing more than 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 21 days <u>after</u> the filing of the motion; and (ii) any reply must be filed no later than 35 days <u>after</u> the filing of the motion.

The Court will permit the parties to stipulate, without a court order, to a briefing schedule for any motion that is set for a hearing to be held more than 70 days from the date it was filed so long as the reply is filed no later than five (5) weeks prior to the hearing date. A stipulation regarding the agreed-upon briefing schedule shall be filed with the Court within seven (7) calendar days from the date the motion is filed. The stipulation shall include in the caption "STIPULATED PER STANDING ORDER."

### c.   Pre-Filing Requirement to Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly... the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *in propria persona* status of one or more parties does not alter this requirement.

### d.   Length and Format of Motion Papers

Memoranda of points and authorities shall not exceed 25 pages and all footnotes shall be in the same type size pursuant to Local Rule 11-3. Oppositions shall not exceed 25 pages and any reply shall not exceed 10 pages. All motion

papers shall be filed pursuant to Local Rule 11-3 and Local Rule 11-6. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. No supplemental brief shall be filed without prior leave of Court.

If documentary evidence in support of or in opposition to a motion or application exceeds 100 pages, the documents shall be placed in a binder, with an index and with each item of evidence separated by a tab divider. If such evidence exceeds 200 pages, the documents shall be placed in a Slant D-Ring binder, with an index and with each item of the evidence separated by a tab divider.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to a PDF so that when a document is e-filed, it is in the proper size and format that is PDF searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document.

### e.   Mandatory Chambers Copies

The Court generally does not require mandatory chambers copies under Local Rule 5-4.5. If the Court orders a party to submit chambers copies, the copies must be delivered to the Clerk's Office, located in the First Street Courthouse, no later than 12:00 p.m. on the day following the order requiring the copies to be delivered. Chambers copies must be printed from CM/ECF and include the CM/ECF-generated header (consisting of the case number, document control number, date of filing, page number, etc.). Any stapling or binding should not obscure the CM/ECF-generated header. The Court prefers that chambers copies not be two-hole punched or blue-backed; when possible, staple each copy only in the upper left hand corner.

### f.   Citations to Case Law

Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition

based on language in the opinion, the page(s) on which such language appears shall be provided. Bluebook style is preferred.

### g. Citations to Other Sources

Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages that are referenced. Citations to prior filings in the same matter shall include the docket entry number, section, and pages that are referenced. Bluebook style is preferred.

### h. Oral Argument

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. Local Rule 7-15.

## 10. Specific Motions

### a. Motions Pursuant to Rule 12

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by amendment. *See Chang v. Chen*, 80 F. 3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

### b. Motions to Amend

All motions to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed change

1   or addition of material. The proposed amended pleading shall be serially numbered

2   to differentiate it from previously amended pleadings.

3        In addition to the requirements of Local Rule 15, counsel shall attach as an

4   appendix to the moving papers a "redline" version of the proposed amended

5   pleading showing all additions and deletions of material.

6        **c.   Summary Judgment Motions**

7        Parties need not wait until the motion cut-off date to bring a motion(s) for

8   summary judgment or partial summary judgment. A party moving for summary

9   judgment must file the motion at least thirty-five (35) days before the hearing.

10  The parties should prepare papers in a fashion that will assist the Court in locating

11  the evidence with respect to the facts (*e.g.*, generous use of tabs, tables of

12  contents, headings, indices, etc.). The parties are to comply precisely with Local

13  Rule 56.

14       **i.   Statement of Uncontroverted Facts and Genuine Issues**

15       The Statement of Uncontroverted Facts and Conclusions of Law

16  ("Statement of Uncontroverted Facts"), as required by Local Rule 56-1, shall be

17  separately lodged and identify each claim for relief on which the moving party

18  seeks summary judgment and the legal grounds for summary judgment. In a

19  two-column format beneath the identified claim for relief, the left-hand column

20  shall set forth, sequentially numbered, each allegedly uncontroverted material fact

21  as to that claim for relief, and the right-hand column shall set forth the evidence

22  that supports the factual statement. Citation to the supporting evidence shall be

23  specific, including reference to the docket number, exhibit, page, and line number.

24  The Statement of Uncontroverted Facts shall be formatted based on the following

25  examples:

26  **Plaintiff's Claim for Relief for _____ is Barred by the Applicable Statute of**

27  **Limitations. (Cite)**

28  \\\

| | |
|---|---|
| 1. (Moving party's first undisputed fact) | (Supporting evidence citation, *e.g.*, Dkt 50, Exh. 5 at 7:3-5) |
| 1. (Moving party's first undisputed fact) | (Supporting evidence citation, *e.g.*, Dkt. 51-5, Exh. 5 at 8:4-5) |

The opposing party's Statement of Genuine Disputes of Material Fact must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact and the alleged supporting evidence, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, such party must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on, or relate to, the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement. Additional material facts shall be filed in a separate document from the Statement of Genuine Disputes.

### ii.   Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment.

Evidence submitted in support of, or in opposition to, a motion should be

1  submitted either by way of stipulation or as exhibits to declarations sufficient to

2  authenticate the proffered evidence and should not be attached to the memorandum

3  of points and authorities. Documentary evidence as to which there is no stipulation

4  regarding foundation must be accompanied by the testimony, either by declaration

5  or properly authenticated deposition transcript, or a witness who can establish

6  authenticity.

7       The parties shall ensure that electronically filed copies of evidence in support

8  of, or in opposition to, a motion for summary judgment are in the proper format.

9  Thus, all documents must be PDF searchable and have selectable text that may be

10 copied and pasted directly from the filed document.

11      Additionally, testimony cited in a statement of uncontroverted facts,

12 statement of genuine material facts, or additional material facts shall be highlighted

13 and/or underlined.

14              **iii.    Objections to Evidence**

15      Evidentiary objections to a declaration submitted in connection with a motion

16 or other matter shall be made in writing and served and e-filed at the same time as,

17 but separately from, the opposition or reply papers. If a party disputes a fact based

18 in whole or in part of an evidentiary objection, the ground of the objection should

19 be succinctly stated in a separate statement of evidentiary objections in a

20 three-column format:

21              a.   The left column should include the relevant portions of any

22                   declaration or deposition, which shall include the highlighted,

23                   underlined, and/or bracketed portions that are being objected

24                   to (including, page and line number, if applicable). Each

25                   objection shall be numbered and located within the copy of

26                   the declaration.

27              b.   The middle column should set forth a concise objection (*e.g.*,

28                   hearsay, lacks foundation, etc.) with a citation to the Federal

Rules of Evidence or, where applicable, a case citation.

    c. The right column should provide space for the Court's entry of its ruling on the objection.

    d. A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF System or emailed directly to the Court's Chambers' email at: mcs_chambers@cacd.uscourts.gov.

*See* Exhibit A. Counsel shall adhere to this format for any evidentiary objections that are submitted to the Court for consideration.

### d. Motions in Limine

Motions in limine are heard at the date and time of the Final Pretrial Conference and shall be e-filed twenty-one (21) calendar days before the Final Pretrial Conference. The motions shall be prepared and filed consistent with Local Rule 6-1 and Local Rule 7 and shall be numbered sequentially by each party who represents them. The supporting memorandum shall not exceed ten (10) pages. Any opposition(s) shall be e-filed fourteen (14) days before the Final Pretrial Conference and shall not exceed 10 pages. The Court will permit oral argument on motions in limine and, therefore, a reply is not required. The Court hears all motions in limine, which shall be numbered sequentially by each party who presents them, at the time of the Final Pretrial Conference.

### e. Motions for Attorney's Fees

Motions for attorney's fees shall be e-filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, local counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary

judgment). If the hourly rate charged by any individual attorney changed while the case was ongoing, the party shall provide separate calculation for the total number of hours that the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all of the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

Any table as set forth above shall be attached to the motion and electronically filed. A copy of the table shall be emailed to the Court's Chambers' email at: mcs_chambers@cacd.uscourts.gov, which shall be prepared in Microsoft Excel and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit B.

### i. Motions for Preliminary and Final Approval of Class Action Settlement

Parties submitting a motion for preliminary or final approval of a class settlement shall include a spreadsheet supporting any proposed award of attorney's fees. The spreadsheet shall include an estimate of any future attorney's fees for which compensation will be sought, the normal hourly rate of all counsel for whom entries appear on the spreadsheet, the support for such hourly rate(s), and an explanation of the basis of any service enhancement award for lead plaintiff(s), including the hours worked and activities performed by such lead plaintiff(s). An editable electronic courtesy copy shall be prepared in Microsoft Excel and emailed to the Court's Chambers' email at: mcs_chambers@cacd.uscourts.gov formatted for use with Microsoft Excel. *See* Exhibit B.

### 11. Under Seal Documents

Counsel shall comply with Local Rule 79-5. All applications must provide the reason(s) why the parties' interest in maintaining the confidentiality of the document(s) outweighs the public's right of access to materials submitted in

connection with a judicial proceeding. Counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application in which the basis for the requested sealing is stated to determine if they can agree on the proposed under seal filing. No later than two (2) calendar days after the meet and confer process has concluded, the non-proposing party shall confirm whether it agrees to having such information designated as confidential or whether it opposes an under seal filing. Any application for under seal filing, whether or not opposed, shall contain the dates and method by which the parties met and conferred. If such information is not provided, the application will be denied without prejudice to an amended application being filed that complies with the foregoing terms.

**E-filing Applications for Leave to File Under Seal**

1.      The application for leave to file under seal shall be filed on the public docket and shall attach a proposed order pursuant to Local Rule 5-4.4.1 and Local Rule 5-4.4.2. Any declaration that supports the application shall also be attached to the application unless it contains confidential information. The declaration shall be filed under seal as its own docket entry if it contains confidential information.

2.      The unredacted version of any document(s) shall be filed under seal. It may be attached to the declaration that supports the application, if the declaration is sealed and is filed as its own docket entry. Otherwise, it shall be filed as its own docket entry. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any sealed document must clearly mark the information that is confidential or privileged via highlighting in color and/or using brackets.

3.      The Court will review the submitted documents and make a

1  determination as to whether the document(s) can be sealed and

2  and filed on the docket. If the application is granted, counsel

3  shall file:

4      i.   The unredacted version of the entire document as its own

5          docket entry. The title shall include "Unredacted" or

6          "Sealed" as the first word of the title of the document.

7          Any information that has been redacted or omitted from

8          the public filing must be clearly marked via highlighting

9          in color and/or brackets.

10     ii.  The redacted version of the entire document as its own

11         docket entry. Unless otherwise stated in the order

12         granting the application, a redacted version is required

13         of all sealed documents. The title shall include

14         "Redacted" as the first word of the title of the document.

15         Any information that is confidential or privileged must

16         be blacked out or a page shall be inserted with the title

17         of the document that indicates that the entire document

18         is sealed.

19         1.   Closely related materials filed at the same time

20              where some are proposed to be filed under seal

21              and others will not be sealed shall be considered

22              as a single document and filed as a single docket

23              entry containing multiple attachments. For

24              example, if certain exhibits to a declaration are

25              to be filed under seal, even if other exhibits or

26              the declaration are not, the entire document for

27              which permission to seal should be sought is the

28              declaration and all exhibits. The docket shall

therefore include:

    2.    One unredacted/sealed docket entry with the documents to include the declaration with all exhibits, including sealed exhibits, e-filed as an attachment to the declaration;

    3.    a separate redacted docket entry with the documents to include the declaration with all exhibits, including redacted exhibits, e-filed as an attachment to the declaration.

**12.    Initial Pleadings**

Counsel shall comply with Local Rule 3 when filing initial pleadings. All initiating pleadings, including third-party complaints, amended complaints, complaints in intervention, counterclaims, and cross claims, shall be filed as a separate document. None shall be combined with an answer.

**13.    Amended Pleadings**

Every amended pleading shall be serially numbered to differentiate the pleading from prior pleadings, e.g. First Amended Complaint, Second Amended Counterclaim, Third Amended Cross Claim, etc. Counsel shall attach as an appendix to all amended pleadings a "redline" version of the amended pleading showing all additions and deletions of material from the most recent prior pleading.

**14.    Pro Se/Self-Represented Parties**

Pro se/Self-represented parties may continue to present all documents to the Clerk for filing in paper format pursuant to Local Rule 5-4.2. However, the court will also permit self-represented parties to present all documents to the Clerk for for filing by email so long as they comply with the following requirements:

    (a)    The document shall be prepared so that it complies with the requirements set forth in Local Rule 11-3, i.e., legibility, font, paper, pagination, spacing, title page, page limits, etc. Additionally, the document shall also comply

1   with any requirements specific to the type of document that is being submitted for

2   filing, i.e., motions need to also adhere to Local Rule 6-1 and Local Rule 7 as set

3   forth in ¶ 9 of this Order.

4       (b)    The document shall be emailed as a PDF document to the Chambers'

5   email: mcs_chambers@cacd.uscourts.gov no later than the date it is due. The Court

6   will deem the date the document is emailed as the filed or lodged date. The

7   proceeding line of the email shall contain: (i) the case number, (ii) case name, and

8   (iii) "Pro Se Filing" to ensure it will be filed/lodged properly.

9       (c)    The Chambers' email will be used solely to accept documents for

10   filing. The Chambers' email is not to be used in any way to communicate with

11   the Judge or Clerk. All parties, including Pro Se/Self-represented parties, shall

12   refrain from writing letters to the Court, sending e-mail messages, making

13   telephone calls to chambers, or otherwise communicating with the Court unless

14   opposing counsel is present. All matters must be called to the Court's attention

15   by appropriate application or motion pursuant to Local Rule 83-2.

16       (d)    It is the Court's expectation that Pro se/Self-represented parties are to

17   comply with the Local Rules and the rules set by this Court. The Court has a Pro Se

18   Clinic available to assist those persons who do not have an attorney to represent

19   them. Clinics are located in Los Angeles, Riverside, and Santa Ana. More

20   information can be obtained on the Court's website located at

21   http://prose.cacd.uscourts.gov/. The Los Angeles Clinic operates by appointment

22   only. You may schedule an appointment either by calling the Clinic or by using an

23   internet portal. You can call the Clinic at (213) 385-2977, ext 270 or you can

24   submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-

25   angeles. Clinic staff can respond to many questions with a telephonic appointment

26   or through your email account. It may be more convenient to email your questions

27   or schedule a telephonic appointment. Staff can also schedule you for an in-person

28   appointment at their location in Roybal Federal Building and Courthouse, 255 East

Temple Street, Suite 170, Los Angeles, CA 90012.

**15.     Notice of This Order/E-Filed Documents**

Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

Any document that is e-filed shall be served by mail that same day on any party or attorney who is not permitted or has not consented to electronic service, with a proof of service to be filed within 24 hours.

**IT IS SO ORDERED.**

Dated:  June 18, 2021

HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

**EXHIBIT A: FORMAT FOR EVIDENTIARY OBJECTIONS**

| Declaration/Testimony of _____ | Objection | Ruling |
|---|---|---|
| **Example 1: Entire Declaration of John Smith**<br><br><br>Start of Deposition.......................................<br><br>  [1. Language subject to objection]<br><br>........................................................................<br><br>........................................................................<br><br>........................................................................<br><br>[2. Language subject to objection]<br><br>........................................................................<br><br>........................................................................<br><br>........................................................................<br><br><br>[3. Language subject to objection]<br><br>........................................................................<br><br>........................................................................<br><br>........................................................................<br>  End of Declaration. | 1.  *E.g.*, Hearsay, cite.<br><br><br>2.  *E.g.*, Lacks foundation, cite.<br><br><br>3.  *E.g.*, Hearsay, cite. | 1.  Sustained / Overruled<br><br><br>2.  Sustained / Overruled<br><br><br>3.  Sustained / Overruled |

**EXHIBIT B: FORMAT FOR ATTORNEY'S FEES SUMMARY CHARTS**

| Table 1 | | | |
|---|---|---|---|
| Task 1: Motion to Dismiss | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |
| Task 2: Motion for Summary Judgment | | | |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |

| Table 2 | | | | |
|---|---|---|---|---|
| **Attorney** | **Rate** | **HOURS BY TASK** | | **TOTALS** |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours:** **Amount:$** |
| | | i.e., Motion to Dismiss | | |
| | | Discovery | | |
| | | Deposition | | |
| | | Task 4 | | |
| | | Task 5 (etc.) | | |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours:** **Amount:$** |
| **Total** | | | | **Hours:** **Amount:$** |